IN THE UNITED STATES BANKRUPTCY COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE: LYLE EUGENE SCHWEIGHART AND ) | |
|       LORRI ANNE SCHWEIGHART ) | CASE NO. 19-91227 |
| DEBTORS. ) | |
| ------------------------------------------------------------- ) | |
| ROGER L. PRILLAMAN, CHAPTER 7 TRUSTEE, ) | |
| PLAINTIFF, ) | |
|       vs.  ) | ADVERSARY NO. 20- |
| UNITED PRAIRIE, LLC, ) | |
| DEFENDANT. ) | |

ADVERSARY COMPLAINT UNDER SECTION 547
TO AVOID CITATION LIEN

NOW COMES Plaintiff, ROGER PRILLAMAN, not individually, but as Chapter 7 Trustee, by counsel, ROGER L. PRILLAMAN, of PRILLAMAN & MOORE, LTD., and for his Complaint against Defendant, UNITED PRAIRIE, LLC, states as follows:

JURISDICTION/VENUE

1. This Adversary proceeding arises under and is related to the above Chapter 7 case, currently pending in this district.

2. This Court has jurisdiction over the matter pursuant to 28 USC §§151, 157 and 11 USC §§547, 550 and 551.

3. This proceeding is a core proceeding pursuant to 28 USC §157(b)(2)(A)(F)and (K).

4. Pursuant to Bankruptcy Rule 7008, Plaintiff consents to the entry of a final Order(s) and Judgment by this Bankruptcy Court.

5. Venue is proper in this Court pursuant to 28 USC §1409.

PARTIES

6. Plaintiff, ROGER L. PRILLAMAN, ("Trustee"), is duly appointed, qualified and serving Chapter 7 Trustee in the above-referenced Chapter 7 case.

7. Defendant, UNITED PRAIRIE, LLC, with a principal address of 929 CR 700 N, Tolono, Illinois 61880, obtained a Judgment against Debtor, LYLE E. SCHWEIGHART, on October 1, 2019 in the amount of $49,740.96, plus interest, cost of suit and attorneys fees reserved. Said Judgment was entered in the case of

<u>United Prairie, LLC vs. Lyle E. Schweighart</u>, Champaign County Case No. 19-LM-617.

8. Pursuant to said Judgment, Defendant, UNITED PRAIRIE, LLC filed a Citation to Discover Assets in Champaign County Case No. 19-LM-617 on October 3, 2019; a copy of the Citation was duly served upon Debtor, LYLE E. SCHWEIGHART, on October 20, 2019 as is reflected in the attached Exhibit "A".

COUNT I
(AVOIDANCE OF PREFERENTIAL TRANSFER,
CITATION LIEN PURSUANT 11 USC §§547, 550 AND 551)

9. Pursuant to said Judgment obtained by Defendant, UNITED PRAIRIE, LLC, said Citation Lien was served upon the Debtor, LYLE E. SCHWEIGHART on October 20, 2019, within the 90 day period prior to the bankruptcy filing date of December 19, 2019.

10. Pursuant to §547(b) of the Bankruptcy Code, the Trustee in bankruptcy may avoid any transfer of the interest of the Debtor and property:

    (1) To or for the benefit of a Creditor;

    (2) For or on account of an antecedent debt;

    (3) Made while the Debtor was insolvent;

    (4) Made on or within 90 days of the date of the filing petition; and

    (5) That enables the Creditor to receive more than such Creditor would otherwise receive in the case.

11. When a Judgment Creditor properly serves a Judgment Debtor with a Citation, a lien for the balance due on the Judgment instantaneously attaches to Debtor's non-exempt personal property. 735 ILCS 5/2-1402(m).

12. The service of the aforementioned Citation Notice upon the Debtor served on October 20, 2019, meets each of the elements of an avoidable preferential transfer set forth in 11 USC §547. Debtor was insolvent at the time of the transfer. The lien/transfer as to Debtor's personal property is avoidable and recoverable as a preference pursuant to §§547 and 550 of the Bankruptcy Code.

13. Pursuant to §551, any avoided transfer or avoided lien is preserved for the benefit of the Bankruptcy Estate with respect to the property of the Estate.

14. Trustee has identified the following assets, including but not limited to, which are presently encumbered by this Defendant's Citation Lien:

    (a) Debtor's interest in the 2016 Avenger Camper;

    (b) A 1977 Chevrolet C60 Grain Truck;

    (c) A 1976 Ford Grain Truck.

WHEREFORE, the Trustee respectfully prays that this Court enter an Order:

    A. Avoiding Defendant, UNITED PRAIRIE, LLC's asserted Citation Lien in Debtor's personal property including, but not limited to, the above-described vehicles and finding same is preserved for the benefit of the Bankruptcy Estate;

    B. Granting the Trustee such other relief as is just and equitable.

                                                   Respectfully submitted

                                                   ROGER L. PRILLAMAN, not
                                                   Individually, but as Chapter 7 Trustee

                                               BY:/s/ Roger L. Prillaman_____
                                                 ROGER L. PRILLAMAN
                                                 One of his Attorneys
                                                 Prillaman & Moore, Ltd.
                                                 Registration #03127613
                                                 220 W. Main Street
                                                 Urbana, Illinois 61801
                                                 Telephone: 217/384-1300
                                                 rlprillama@aol.com

## VERIFICATION

Under penalties of perjury as provided by law, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief, and as to such matters, the undersigned certifies as aforesaid that he verily believes the same to be true.

    /s/ Roger L. Prillaman_____
ROGER L. PRILLAMAN